## MERCHANTS NATIONAL BANK OF ROME *v.* GREENWOOD.

In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant.

Argued April 5, — Decided April 25, 1901.

Distress warrant. Before Judge Henry. City court of Floyd county. September 7, 1900.

*Dean & Dean,* for plaintiff in error.
*McHenry & Maddox,* contra.

Fish, J. In 1898 the Merchants National Bank of Rome bought at sheriff's sale certain land owned by Taylor, and took a deed to it from the sheriff, which was recorded in October of that year. In December of the same year, at which time Taylor was still in possession of the property, Greenwood rented a part of it from him

for the ensuing year, and gave him a note for the rent, due the next November, and payable to Taylor or bearer, which Taylor sold and transferred to West & Company. In October, 1899, the bank sued out a distress warrant against Greenwood, which was levied on the crop grown by him on the land, to which the defendant interposed a counter-affidavit; the bank, as appeared on the trial of the case, basing its claim to rent on a contract made with him in August, 1899, by which he agreed to attorn as tenant to the bank, in order to prevent eviction under an order of court, applied for and granted in August, 1899, whereby the sheriff was directed to put the bank in possession as purchaser at the sale above mentioned. The defendant contended that he refused to attorn to the bank until he was assured by its president, Bass, that, if he would do so, he would be protected by the bank against any claim based on the note given to Taylor; but that the bank failed to protect him, and he was compelled to pay the note, and therefore the plaintiff was not entitled to recover. Also, that the plaintiff was estopped from enforcing any claim for rent against him, because, in the latter part of 1898, he went to the president of the bank and proposed to rent the land in question from it for the year 1899, and was informed by him that the bank could not rent it to him, that if he wanted to rent it he would have to rent it from Taylor; and he was thereby induced to rent the land from Taylor and to give him the rent note referred to.

One of the grounds of the motion for a new trial was, that the court erred in allowing a witness, Camp, to testify, over the objection of the movant, as follows: " I made a contract for the rent of some of the Mark Taylor land for the year 1899 with Taylor. I went to Mr. Bass to know if he was in possession, and he said yes, and I said, 'I am glad that you are,' and I said, 'I would like to know for certain.' He got up and went off and was gone awhile, and he said then, 'I am not in a position to rent to you, Mr. Camp.' I said, 'I will have to move out,' and he said, 'I would rather you would stay.' He said, 'You go and rent from Taylor, and I will see that you get out all right.'" The objection made to this testimony was that it was irrevelant. We think this objection should have been sustained. It does not follow that because the bank made the agreement with Camp as testified to by him, it was willing to, and did in point of fact, make a like agreement or arrangement with

Greenwood.   Whether it did or did not was a question of fact, under the evidence with reference to what occurred between Greenwood and the bank's agent; and upon this issue evidence as to what occurred between the bank's agent and Camp, on an altogether different occasion and about a different subject-matter, when the defendant, Greenwood, was not present, could throw no light.   For error in admitting this testimony the judgment overruling the motion for a new trial must be

*Reversed.   All the Justices concurring.*