26208. DENNIS v. DENNIS.

Argued December 14, 1970—Decided January 8, 1971.

*Kravitch & Hendrix,* Aaron Kravitch, for appellant.

*Claud R. Caldwell,* for appellee.

Almand, Chief Justice. R. C. Dennis filed his petition for divorce against Alma Partain Dennis. The defendant filed an an-

swer and cross action. The jury granted the plaintiff a divorce, and awarded the defendant $2,000 as a "total settlement." Defendant appeals from the denial of her amended motion for a new trial.

The general and special grounds of the amended motion for a new trial are repeated in the enumeration of errors.

■ The second ground of the amended motion is that the court erred in charging the jury as to what constitutes a common law marriage in Georgia, because the evidence showed that the parties entered into a ceremonial marriage on January 24, 1968.

This charge was not error. The appellant testified that her marital relationship with the appellee began in 1963 when she lived with him, and he held her out to the public as his wife.

■ The court charged the jury as follows: "The first thing you will consider is whether the husband has carried the burden of proof by a preponderance of the testimony and is entitled to a divorce. If you decide that he is not entitled to a divorce then you will go over and consider the wife's cross bill and determine whether, under the same—or preponderance of the evidence that she has carried the burden of proof and is entitled to a divorce."

It is asserted that this charge was erroneous, "because it has been held by the Supreme Court of Georgia that no person is legally entitled to a divorce. A jury is authorized and may, if it sees fit, grant a divorce if the grounds have been established, or it may refuse a divorce, but there is no such thing as a positive right to a divorce and the word 'entitled' has been ruled by the Supreme Court of Georgia as a material misstatement and the effect of this misstatement of the law by the court was contrary to public policy of Georgia and rendered the verdict invalid and was therefore a substantial error."

In support of this ground the cases of *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115), and *Brackett v. Brackett,* 217 Ga. 84 (121 SE2d 146), are cited. In those cases, the court instructed the jury that if they found that certain acts on the part of the defendant constituted cruel treatment, "it would be your duty to grant him a divorce which he seeks in this case."

The charge in the instant case is not subject to the vice of the two cited cases and was not error.

■ Ground 6 of the amended motion asserts that the court erred, "in admitting into evidence authenticated exemplified copies of plaintiff's Exhibits P-1 and P-5 as set forth on page 206, 216 and 218 of the Transcript and attached as exhibits to said Transcript on the ground that records of the defendant's alleged former divorces, the petitions and final decrees, are irrelevant and immaterial, hearsay, and were prejudicial to the defendant, whose character had not been put in issue."

(a) Exhibit P-1 is a certified copy of a divorce, verdict and decree from the Superior Court of Washington County, in the case of Leonard Fields vs. Alma J. K. Fields, dated September 3, 1940.

The admission in evidence of this document was not erroneous. The appellant on cross examination testified that her marriage to Fields ended in a divorce granted on Fields' petition. Counsel for appellant did not object to the properly exemplified copies of the decrees when they were introduced in evidence.

The admission in evidence of Exhibit P-1 was not error.

(b) Exhibit P-5 was a certified copy of the record in a libel for a divorce in Richmond Superior Court in the case of J. T. Roberts vs. Alma Kitchens Roberts, consisting of (a) the petition charging the defendant with cruel treatment, (b) acknowledgment of service by the defendant, (c) deposition of the plaintiff in support of his petition, and (d) the verdict and decree, dated November 3, 1960, granting a divorce.

The admission in evidence of this exhibit was error.

"The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." *Code* § 38-202.

"In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." *Merchants Nat. Bank of Rome v. Greenwood,* 113 Ga. 306 (38 SE 826).

The factual issues as shown by the petition and evidence in the divorce action by the appellant's former husband, were irrelevant and prejudicial to the appellee.

The admission in evidence of Exhibit P-5 being harmful error, a

new trial as to divorce and alimony must result.

We do not pass upon the general grounds.

*Judgment reversed. All the Justices concur.*