### 30096. EMPLOYEES RETIREMENT SYSTEM OF GEORGIA v. ALMGREN.

GUNTER, Justice.

This is an appeal by the Employees Retirement System from a judgment which held that the appellee had been "involuntarily separated without prejudice" from his job as a state employee. The result of this holding was that the appellee was entitled to be paid involuntary separation benefits provided by law.

The appellee was discharged from his employment with the State Revenue Department effective June 1, 1972. At the time of his separation he had nineteen years and one month of creditable service with the system. The appellant stipulated that the appellee's separation was "without prejudice." The issue was whether the separation was voluntary on the part of the appellee or involuntary on his part. Appellant contended that the appellee, by his own actions which allegedly included insubordination to his superiors in the department, precipitated and brought about his own discharge. Appellant equates such activities on the part of an employee with willing or voluntary separation from employment. In short, the argument is that if an employee precipitates his separation, such separation from employment is voluntary, not involuntary.

Appellee contended that his separation was involuntary and without prejudice to him, that he wanted to continue his employment, and that he intended to continue his employment. He further contended that since his separation was involuntary and without

prejudice to him, he was entitled to be paid separation benefits from the system as provided by law.

Code Ann. § 40-2505 (3) (a) provides: "Any member in service, upon becoming involuntarily separated from employment without prejudice, or upon death, shall be entitled to an allowance in accordance with the provisions set forth in subsection (4) of this section: Provided, however, the provisions of this subsection that relate to 'upon becoming involuntarily separated from employment without prejudice' shall not be applicable to any person who first becomes a member after March 31, 1972." The proviso is inapplicable in this case, because appellee was a member of the system prior to March 31, 1972.

Code Ann. § 40-2501 (25) provides that involuntary separation from employment without prejudice shall mean "separation or release from service not willingly by choice of member who has not been convicted in a court of competent jurisdiction of embezzlement or larceny of public funds or property or malfeasance in office, or who has not been forced to make restitution for any funds or property criminally taken by said employee at the time of separation. Involuntary separation shall not include the failure in an election of an elected official who becomes a member of the system for the first time on or after July 1, 1971." This same subsection also provides that involuntary separation from employment with prejudice shall mean "separation or release from service not willingly by choice of member who has been convicted in court of competent jurisdiction of embezzlement or larceny of public funds or property or malfeasance in office, or who has been forced to make restitution for any funds or property criminally taken by said employee at the time of separation."

"Voluntary separation" from service is not defined in Code Ann. § 40-2501. Therefore, it appears to us that the sole issue for determination in the trial court was whether the separation from service here was "voluntary" or "involuntary." Having read the transcript of the testimony presented in the trial court, we conclude that the evidence would support a finding for either contention. The trial judge resolved this fact issue in favor

of the employee-appellee. Since there is evidence to support the judgment rendered, and since the evidence does not demand a judgment in favor of appellant, the judgment below must be affirmed.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Jordan, J., who dissent. Hill, J., disqualified.*

ARGUED JULY 9, 1975 — DECIDED OCTOBER 21, 1975.

*Arthur K. Bolton, Attorney General, Robert E. Hall, Assistant Attorney General,* for appellant.

*Wingate & Bartlett, Harry L. Wingate,* `Jr.,* for appellee.

JORDAN, Justice, dissenting.

After reviewing this transcript I come to a different conclusion from that reached by the majority. In my opinion the evidence demanded a finding that the appellant's separation was not an "involuntary separation" such as would entitle him to benefits provided under this law.

The personnel director of the State Revenue Department at that time testified that the appellant came to her office and asked for retirement systems forms. When advised that such forms should be attached to a letter of resignation or upon termination of employment, the appellant remarked that "I might as well get ready to go ahead and write him another letter, that he was on his way to Mr. John Bearden's office to get Mr. Bearden to fire him." While the appellant states that he does not remember any such conversation with this witness, he does admit that he went to Mr. Bearden, the Director of the Income Tax Unit of the Department of Revenue and in answer to an inquiry advised Mr. Bearden that he would not accept reassignment to Atlanta, that he told Mr. Bearden that he had never failed to carry out instructions of his supervisor but that this would be the first time, and that he would not carry out his duties as auditor, and that he didn't know whether he would report the next day or not.

Subsequent to that conversation with Mr. Bearden, he received a letter advising him that he had been dismissed for insubordination and conduct reflecting discredit on the department. In my opinion this evidence demands the conclusion that the appellant was not involuntarily separated from employment but that his separation was clearly induced by his admitted statement to his superior that he would not accept reassignment or carry out his duties as an auditor.

I would reverse the judgment of the trial court.

I am authorized to state that Presiding Justice Undercofler joins in this dissent.