42620. HAGGINS v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA et al.
(338 SE2d 1)

MARSHALL, Presiding Justice.

In this case, the appellant, Robert E. Haggins, an erstwhile employee of the Georgia Department of Education, filed a petition for

writ of mandamus, seeking to compel the appellee, Board of Trustees of the Employees' Retirement System of Georgia, to pay him involuntary-separation retirement benefits. At the trial of the case, the jury returned a verdict finding that the appellant had not been involuntarily separated from state employment. He appealed. We affirm.

For approximately 25 years, the appellant was employed as a stock worker by the Georgia Department of Public Education, Office of Administrative Services, Division of Public Library Services. The sum of the evidence showed that the appellant's work history was filled with instances of failure to report to work on time, failure to observe lunch and break periods, unexplained absences from work during working hours, disruption of work activity, defiance of supervisor's instructions, insubordination, as well as various forms of harassment of co-workers. As a result, in November of 1981, the appellant was temporarily suspended from work, and he was warned that such misconduct would not be tolerated. However, such misconduct continued, and, therefore, in March of 1982 his employment was terminated. He was given written notice of his right to appeal this determination to the State Personnel Board, but he declined to pursue such an appeal.

Chapter 2 of OCGA Title 47 governs the Employees' Retirement System of Georgia.

Under OCGA § 47-2-123 (a), upon the death or "involuntary separation from employment without prejudice," any member in service is entitled to a service retirement allowance under subsection (c) of § 47-2-123. At the time of the appellant's termination of employment, the only definition of "involuntary separation from employment without prejudice" was found in OCGA § 47-2-1 (20), which defines that phrase as meaning "separation or release from service *other than by the willing choice of a member*, provided that such member has not been convicted in a court of competent jurisdiction of theft of public funds or property or malfeasance in office or has not been forced to make restitution for any funds or property wrongfully taken by him. Involuntary separation shall not include the defeat in an election of an elected official who becomes a member of this retirement system for the first time on or after July 1, 1971." In addition, OCGA § 47-2-123 (a), supra, states that the provisions relating to "upon becoming involuntarily separated from employment without prejudice" shall not be applicable to "any person who first becomes a member after March 31, 1972."

In 1984, pursuant to a constitutional amendment approved by the voters in 1984 (Art. III, Sec. X, Par. VI of the Georgia Constitution of 1983), the General Assembly enacted OCGA § 47-2-2 (effective January 1, 1985). Subsection (d) of § 47-2-2 provides: "An employee may be discharged from employment pursuant to the requirements of

this Code section for insubordination, irresponsible performance of duties, malingering, neglect of duty, or unsatisfactory performance of duties in a willful manner, or for any combination of such reasons. An employee so discharged from employment shall not be entitled to and shall not receive a retirement benefit based on involuntary separation from employment without prejudice pursuant to Code Section 47-2-123." Subsection (g) of § 47-2-2 contains certain requirements as to the employee's rights to notice and a hearing prior to the employee's being discharged from employment for one or more of the reasons specified in subsection (d).

In the case of a member with at least 20 years of service who is under 60 years of age, OCGA § 47-2-123 (c) (2), supra, grants the retirement allowance, upon "involuntary separation from employment without prejudice," which would have been payable upon service retirement at age 60 had the employee continued in service to age 60 without further change in compensation. See also OCGA § 47-2-124 (providing that any member who is serving in the year which represents 95% of the time required for vesting of benefits under, among other things, § 47-2-123 (c) shall be deemed to qualify for the required number of years). Thus, the appellant's retirement benefits would be substantially increased if he were granted involuntary-separation benefits; otherwise, he would have to wait until age 60 to begin to collect his retirement benefits or withdraw his contributions, with interest, upon termination of his employment with the state.

1. The evidence supports the jury's finding that the appellant's separation from state employment was voluntary.

In *Employees['] Retirement System of Ga. v. Almgren*, 235 Ga. 368 (219 SE2d 749) (1975), this court was presented with the argument that a state employee was not involuntarily separated from his employment with the state, because, by his own actions, which allegedly included insubordination to his superiors in his department, he had precipitated and brought about his own discharge. In *Almgren*, the trier of fact, the trial judge there, found that the employee's separation from state employment was involuntary. This court affirmed, holding that the evidence would have supported a finding of either voluntary or involuntary separation. Here, as in *Almgren*, the evidence would also support either finding.

2. The trial court did not err in charging the jury that a state employee who knowingly and intentionally causes or brings about his own dismissal from state employment, or engages in conduct which he knew or should have known would lead to his dismissal from employment, is not involuntarily separated from service within the meaning of that term in the Act governing the Employees' Retirement System of Georgia. This charge correctly explicates the meaning of "involuntary," as that term is used within the previously cited provisions of

the Act.

Furthermore, as requested by the appellant, the trial court did charge the jury that "involuntary separation from employment without prejudice" means separation or release from service other than by the willing choice of a member.

3. The trial court did not err in refusing to allow the appellant to present to the jury evidence of other cases in which involuntary-separation retirement benefits have been granted.

As argued by the appellee, each case involving the question of involuntary-separation retirement benefits rests on its own unique facts and circumstances. " ' "In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." *Merchants Nat. Bank of Rome v. Greenwood*, 113 Ga. 306 (38 SE 826) (1901).' *Dennis v. Dennis*, 227 Ga. 164, 166 (3b) (179 SE2d 238) (1971)." *Harrell v. Harrell*, 249 Ga. 170, 172 (290 SE2d 906) (1982).

*Amax, Inc. v. Fletcher*, 166 Ga. App. 789 (3) (305 SE2d 601) (1983), which is relied on by the appellant, is inapposite. In the *Amax* case, a former employee of a subsidiary of Amax was suing the company for severance pay, on the ground that certain officials of the company had agreed to make severance payments to him and other employees similarly situated if their employment was terminated "at the convenience of the company." The Court of Appeals held that the trial court did not err in allowing other, former employees to testify that they had received severance pay, as this testimony "was certainly relevant as evidence that the [company] had previously acknowledged an obligation to make such payments." 166 Ga. App., supra at p. 791.

4. The proceedings in this case were not lacking in due process and did not deny the appellant equal protection of the laws.

As held in *Cantrell v. Bd. of Trustees of the Employees' Retirement System of Ga.*, 135 Ga. App. 445 (2) (218 SE2d 97) (1975), proceedings before the Board of Trustees of the Employees' Retirement System are not judicial in character.

5. The appellant complains of the trial court's admitting in evidence, over hearsay objections, letters from the appellant's supervisor and written complaints from the appellant's co-workers, all of which related to the conduct engaged in by the appellant which led to his employment termination. We find this complaint to be without merit.

In this case, the appellant is seeking issuance of a writ of mandamus to compel the board to grant him involuntary-separation retirement benefits. Therefore, the complained-of evidence, although it contained hearsay statements, was admissible to explain the board's conduct in denying him such benefits. OCGA § 24-3-2; *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982).

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, and Smith, J., who dissents.*

DECIDED JANUARY 7, 1986 —
RECONSIDERATION DENIED JANUARY 16, 1986.

*Gary J. Leshaw,* for appellant.
*Michael J. Bowers, Attorney General, Carl C . Jones, Senior Assistant Attorney General, Susan L. Rutherford, Staff Assistant Attorney General,* for appellees.