## 77546. BRAMBLETT v. BASS.

(375 SE2d 106)

DEEN, Presiding Judge.

Ronald Bramblett brought an action against Jim Bass alleging fraud and breach of contract. At the close of Bramblett's evidence the court directed a verdict in favor of Bass, finding that the relationship between the parties was that of employee/employer and that the relationship was terminable at will.

1. "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50.

Appellant contends that the court below erred in directing a verdict because the evidence showed that Bass breached their contract. The evidence showed that Bramblett approached Bass at Carpet City, his place of business, seeking a position as a carpet salesman. Bass had no openings, and the men got into a discussion about an empty room on one side of the building which housed Bass' carpet business. Bramblett told Bass that he thought that this space was the ideal location for a video store. After some negotiations, the parties reached an agreement as to how such a business would be conducted, and Bramblett made notes as to the terms of their agreement. It was agreed that Bass would put up the money to start the business, to be known as Carpet City Video, and he would own the business in its entirety. Bass further agreed to advance Bramblett $150 per week until the business started turning a profit. After that time, the profits would be split 75/25 in favor of Bass until he recovered his investment. Thereafter, they would be split 50/50. Bramblett was to be responsible for running the business and the utilities, rent, phone, and insurance were to be shared by Carpet City and Carpet City Video on a pro rata basis. The agreement was not signed by the parties.

Bass invested $32,000 of his savings to start up the business, and Bramblett set up the store and began running it with the help of a clerk he hired. He was paid $150 per week as promised. Bass fired Bramblett two weeks after the store opened, and there were no profits during that period.

There was no evidence that Bass breached his contract with Bramblett. All the evidence showed that Bass was the owner of the business and Bramblett was an employee whose employment was terminable at will. Bramblett's only complaint seems to be that he was not allowed to run the business in its entirety, as called for in Bass' notes. The parties do not dispute that Bass' notes constituted their entire agreement and that they are silent as to the duration of the agreement. Appellant admitted that the agreement had no termination date and that either party could leave or withdraw from the

agreement at any time. There is no merit in this enumeration of error.

2. Appellant also claims that Bass committed a fraud on him by representing that they would be partners in the business and that he would receive a share of the profits. He further claims that he was discharged when it appeared that the business would be successful. Bramblett claims that in reliance on Bass' representations he worked hard and put in long hours to make the business a success.

The five essential elements required to prove fraud are: a false representation made by the defendant, scienter, an intention to induce the plaintiff to act or refrain from acting in reliance upon the defendant's representation, justifiable reliance by the plaintiff, and damage to the plaintiff as a proximate result of the representation. *Marriott Corp. v. American Academy of Psychotherapists*, 157 Ga. App. 497, 498 (277 SE2d 785) (1981).

While appellee did represent that appellant would share in the profits of the business, Bass was to be the sole owner, appellant's compensation was set at $150 per week until the business showed a profit, and thereafter appellant was to share in the profits. Bramblett did not prove any of the five essential elements of fraud.

3. The trial court did not err in sustaining appellee's objection to the testimony of a witness who helped Bass start a game room in another portion of the building and was later fired. Bramblett sought to introduce this testimony for a variety of reasons, but did not proffer any showing of fraud or deceit in Bass' dealings with the witness.

" 'In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction, is irrelevant.' *Merchants Nat. Bank of Rome v. Greenwood*, 113 Ga. 306 (38 SE 826)." *Dennis v. Dennis*, 227 Ga. 164, 166 (179 SE2d 238) (1971). Under OCGA § 24-2-2, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

Bass' dealings with the witness, which occurred several months after he fired Bramblett, did not involve fraud and could not be introduced in an effort to prove that he defrauded the appellant.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 24, 1988.

*Robert M. Goldberg, E. LaVance Adams*, for appellant.

*Harlan M. Starr*, for appellee.