## A90A0234. ANDERSON v. THE STATE.
(394 SE2d 607)

BIRDSONG, Judge.

Mark A. Anderson was convicted of aggravated assault in an incident for which his brother, tried separately, was convicted of malice murder.

The facts generally agreed upon are these: the deceased Jerry Cowan and three friends came home from working on December 4, 1988, to find Mark Anderson, his brother Ricky, and cousin Lane Anderson all drinking beer with the deceased's wife Patty. The deceased Mr. Cowan was not entirely pleased by these visitors' presence and behavior and told his wife he wanted the Andersons to leave. Mr. Cowan and his friends then left, hoping the Andersons would take the hint and leave, but when he returned with his friends an hour later, he found his wife sitting on Mark's knee. Mr. Cowan confronted his wife and knocked her off appellant's knee. Appellant's brother Ricky then confronted Mr. Cowan; a brief melee ensued among the visitors, after which Ricky announced he was leaving. The brothers went to their car. However, Ricky Anderson then returned to ask Cowan outside to talk; or, according to another witness' version, Ricky resisted an attempt by Cowan's friend to get him in his car and insisted on returning to Cowan's house, stood face to face with Cowan and put his hands on Cowan, saying: "Come on outside, I want to talk to you. . . ." Cowan did go outside and the fighting recommenced between him and Ricky Anderson.

The details of what happened next vary according to the witnesses, but it is in evidence generally that appellant Mark Anderson

announced he "had to get into it" also. Appellant Mark Anderson slashed Cowan with a knife in the abdomen. Cowan stumbled back to the house porch, grabbing his stomach and saying to his wife he had been cut by Mark. At this point, Ricky Anderson shot Cowan dead with a rifle; the bullet entered the back of Cowan's head and severed the brain stem. It is undisputed that during all this time Cowan was unarmed.

Appellant Mark Anderson complains that Jerry Cowan was the aggressor, not he; that the knife wound he inflicted on Cowan was not deadly and did not even pierce the abdominal wall; and that he had run and was 100 yards away when Ricky Anderson shot Cowan, and that he had nothing to do with Ricky Anderson's shooting Cowan. He enumerates four specific errors below. *Held*:

1. Appellant contends he was entitled to a directed verdict of acquittal on the indictment counts against him for malice murder and felony murder. He argues that he was not the aggressor and that his knife wound to Cowan was not deadly and did not contribute to his death.

A directed verdict of acquittal is not authorized unless there is *"no conflict in the evidence* and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal. . . ."* (Emphasis supplied.) OCGA § 17-9-1 (a). Thus, if there is any evidence upon which a guilty verdict may be supported, a criminal defendant is not entitled to a directed verdict of acquittal. *Bethay v. State*, 235 Ga. 371 (219 SE2d 743). The evidence in this case does not demand a finding that appellant was not at least a party to the crime of murder. See OCGA § 16-2-20.

In any case, the jury did not find appellant guilty of malice or felony murder, which equivocates to a verdict of acquittal on those counts (see *Bethay*), so appellant has nothing of which to complain.

2. For reasons just stated, upon the evidence, the trial court did not err in charging the jury on the principles of "party to a crime" under OCGA § 16-2-20.

3. Appellant Mark Anderson complains of the trial court's refusal to allow him to enter evidence of the deceased's reputation for violence, for the deceased's shooting of a third person some 18 months previously. The trial court did not err in excluding evidence of the victim's violent acts to persons other than the defendant, on another occasion. *Bennett v. State*, 254 Ga. 162 (326 SE2d 438); *Harrison v. State*, 251 Ga. 837 (310 SE2d 506). Such evidence is an attempt to prove the victim's culpability in this instance by proving general bad character or by showing guilty acts in other unrelated circumstances. See *Dennis v. Dennis*, 227 Ga. 164 (179 SE2d 238). Such evidence does nothing to prove the issues in this case and is inadmissible and prejudicial to the cause. See OCGA § 24-2-2.

Appellant also complains of error in the fact that concomitantly, the trial court weighed the admissibility of evidence of *appellant's* reputation for violence. We see no error or harm in the method of analysis used by the trial court in excluding both the evidence of the deceased's unrelated acts of violence and evidence of appellant's reputation for violence. Appellant was the beneficiary of this analysis, for it kept out evidence against him that might have been admitted if he had been allowed to impugn the deceased's character.

4. We reject out of hand appellant's contention that he was entitled to a jury charge informing the jury that "Mark Anderson has raised the issue of self defense and presented a prima facie case that [the deceased] Jerry Cowan was the aggressor. . . . You are authorized to consider Jerry Cowan's general reputation for violence and fighting with knives in considering Mark Anderson's state of mind and the reasonableness of his apprehension and fear at the time of this incident."

This requested charge misrepresents the evidence and the law. The trial court could not instruct the jury that appellant had "presented a prima facie case that [the deceased] was the aggressor," for that question was the ultimate question for the jury. Moreover, there was no evidence admitted of deceased's "general reputation for violence" (see Division 3); and, the evidence in this case was uncontroverted that the deceased was unarmed and *appellant* was the person "fighting with knives." This suggested charge was factually misleading, incorrect as law, and the trial court would have erred in giving it.

We find no merit in this appeal.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 16, 1990.

*Edwards & Krontz, Kenneth W. Krontz, Jennifer McLeod*, for appellant.

*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.

