A91A0691. BOYD v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.
(408 SE2d 157)

POPE, Judge.

Plaintiff William R. Boyd was terminated in 1984 from his employment as a driver's license examiner for the Georgia Department of Public Safety for accepting bribes for improperly issuing driver's licenses without requiring testing or identification and issuing licenses to names and addresses which he knew to be false. He entered a plea of guilty to criminal charges brought against him and was sentenced to probation under the first offender laws. He applied for involuntary separation retirement benefits but defendant Employees' Retirement System of Georgia denied his request, finding that his separation was not involuntary because he "knew or should have known that he was engaging in activities which would lead to his dismissal." Plaintiff filed a complaint against defendant asking the trial court to award him involuntary separation benefits. The trial court granted summary

judgment to defendant and denied plaintiff's motion for summary judgment. Plaintiff appeals.

Plaintiff was first employed before March 31, 1972 and thus would be entitled to benefits for involuntary separation without prejudice pursuant to OCGA § 47-2-123. " 'Involuntary separation from employment without prejudice' means separation or release from service other than by the willing choice of a member, provided that such member has not been convicted in a court of competent jurisdiction of any crime involving moral turpitude or malfeasance in office or has not been forced to make restitution for any funds or property wrongfully taken by the member." OCGA § 47-2-1 (20). Plaintiff argues he qualifies for involuntary separation benefits because, having served his sentence of probation as a first offender, he has no record of criminal conviction.[1] The denial of his benefits, however, was not based on a finding that he was separated "with prejudice" due to a criminal conviction (see OCGA § 47-2-1 (21)) but on the finding that his termination was not involuntary since it was brought about by his own knowingly wrongful behavior. When, as in this case, an employee has been separated from employment without prejudice, the relevant issue for determining whether the employee is entitled to separation benefits is whether the termination was voluntary or involuntary. See *Employees['] &c. of Ga. v. Almgren*, 235 Ga. 368 (1975).

"[A] state employee who knowingly and intentionally causes or brings about his own dismissal from state employment, or engages in conduct which he knew or should have known would lead to his dismissal from employment, is not involuntarily separated from service within the meaning of that term in the Act governing the Employees' Retirement System of Georgia." *Haggins v. Employees' &c. of Ga.*, 255 Ga. 352, 354 (2) (338 SE2d 1) (1986). In *Haggins*, in which the employee's conduct consisted of repeated tardiness, unexplained absences, disruption of work, insubordination of his supervisor and harassment of co-workers, the issue of the voluntariness of the employee's termination was submitted to a jury. Here, however, the employee's objectionable conduct consisted of the illegal acceptance of gratuities and the purposeful failure to comply with state laws and regulations. Plaintiff admitted in response to defendant's requests to admit that he knew he was violating these laws and regulations. We agree with the trial court that "[t]he egregious nature of Plaintiff's conduct constitutes the kind of activity that any employee would know or should have known would result in his dismissal and thus,

---

[1] We note that plaintiff's employment, and therefore membership in the retirement program, was terminated prior to the effective date of OCGA §§ 47-1-21; 47-1-22; and 47-1-23.

would not constitute involuntary separation with[in] the meaning of that term in the statute governing the [Employees' Retirement System of Georgia]." Summary judgment in favor of defendant is appropriate in this case.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 8, 1991.

*Gregg Loomis*, for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General*, for appellee.