S02A0961. ROACH v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.

(569 SE2d 540)

HUNSTEIN, Justice.

Dorothy Roach appeals from the denial of her petition for mandamus seeking involuntary separation retirement benefits. Roach was discharged from her position as Commissioner of the Department of Administrative Services by Governor Roy Barnes in June 1999 on the basis, inter alia, that she violated OCGA §§ 47-2-2 (c) (5) (A) and 50-5-78 (a) by engaging in the irresponsible performance of her duties. An employee discharged from employment for irresponsible performance of duties is not entitled to involuntary separation retirement benefits. OCGA § 47-2-2 (d). Roach's discharge from employment was conducted in accordance with OCGA § 47-2-2 (g) and (i), which set forth certain requirements as to an employee's rights to notice and a hearing prior to the employee's discharge for the irresponsible performance of duties. Pursuant to OCGA § 47-2-2 (j) the governor provided a written report upon Roach's discharge to the board of trustees of the Employees' Retirement System of Georgia ("ERS").

Relying upon the number of years of her creditable service and the fact that she began her State employment prior to March 31, 1972, Roach applied for enhanced retirement benefits based on her involuntary separation from employment without prejudice pursuant to OCGA § 47-2-123. The ERS denied her application. Roach thereafter filed a petition for mandamus to compel ERS to grant her involuntary separation retirement benefits. After a week-long trial, the

jury entered a special verdict finding that Roach engaged in conduct that she knew or should have known would lead to her separation from State employment. The trial court accepted the jury's finding and denied her mandamus petition because ERS had no legal duty to provide the enhanced benefits to Roach. Finding no error, we affirm.

1. It is well established that the burden of proof rests with the party seeking mandamus relief. *Anderson v. Poythress*, 246 Ga. 435 (1) (271 SE2d 834) (1980). Accordingly, the trial court did not err by placing the burden of proof on Roach.

2. We find no error in the trial court's refusal to give the jury Roach's requested charges. Roach's requested charges addressed the meaning of "willing choice" as that phrase is used in OCGA § 47-2-1 (20) (defining "involuntary separation from employment without prejudice").[1] The record reveals that the trial court's charge on this issue instructed the jury that

> Where an employee participates or brings about her own dismissal by engaging in conduct that she should have known or knew would result in her termination, then such conduct is the equivalent of termination by a willing choice.

This charge was an accurate statement of the law, *Haggins v. Employees' Retirement System*, 255 Ga. 352 (2) (338 SE2d 1) (1986), and adequately informed the jury regarding the type of conduct that constituted a "willing choice" under the statute. Accordingly, because the applicable principle in the requested charges was substantially covered by the trial court's charge, the trial court did not err by refusing to give Roach's charges.[2] See generally *Hall v. Chastain*, 246 Ga. 782 (6) (273 SE2d 12) (1980); *Nails v. Rebhan*, 246 Ga. App. 19 (3) (538 SE2d 843) (2000).

3. Roach contends the trial court erred by denying her motion in limine, in which she sought to restrict evidence only to those matters of misconduct delineated in the notice Governor Barnes gave Roach

---

[1] Requested Charge No. 14 (A) provided: "As a matter of law, Acts or omissions on the part of the Plaintiff do not constitute a 'willing choice' to be terminated unless such acts or omissions amount to more than an innocent mistake or mere inadvertence." Requested Charge No. 14 (b) provided: "In order to constitute a willing choice to be terminated, the Petitioner's conduct must amount to a conscious, knowing and deliberate decision to engage in conduct what AT THAT VERY MOMENT she knew was unlawful and yet chose to proceed anyway." Both charges reference as their authority *Haggins v. Employees' Retirement System*, 255 Ga. 352 (338 SE2d 1) (1986); *Employees' Retirement System v. Almgren*, 235 Ga. 368 (219 SE2d 749) (1975), and *Boyd v. Employees' Retirement System*, 200 Ga. App. 345 (408 SE2d 157) (1991).

[2] Our holding renders it unnecessary for us to address the State's argument that Roach's requested charges misstated the law. See, e.g., OCGA § 47-2-2 (c) (7) and (d) (neglect of duty as a basis for denying discharged employee involuntary separation retirement benefits).

to explain why he was firing her. Roach argues that her due process rights were violated by admission of testimony at trial regarding other acts of her alleged misconduct which were not set forth in the governor's termination letter. However, Roach did not raise any legal challenge to the validity of her termination from State employment or assert any constitutional violations in regard to the manner in which her termination was conducted. It is uncontroverted that the reasons for Roach's discharge were the reasons set forth in the governor's termination letter. Nor does Roach contend that the ERS considered any other ground for her discharge when it denied her application for enhanced benefits in July 1999.

In her petition for mandamus, Roach claimed only that the ERS was legally obligated to grant her application for enhanced retirement benefits because her termination from employment was other than by her willing choice. Thus the burden was on Roach to prove that her separation from employment was involuntary, i.e., that she did not knowingly or intentionally cause or bring about her own dismissal from State employment or engage in conduct that she knew or should have known would lead to her dismissal. See *Haggins*, supra, 255 Ga. at 354 (2). In this procedural context, we do not agree with Roach that due process limited the State's defense against Roach's claim to presenting evidence only as to the grounds for discharge set forth in the governor's termination letter. The jury was authorized to hear any relevant evidence which pertained to the fair resolution of Roach's claim against the ERS. Testimony by Roach's employer that Roach engaged in additional misconduct that Roach knew or should have known could lead to her dismissal was admissible and relevant to the resolution of Roach's claim, notwithstanding the fact that her employer chose not to include this misconduct among the reasons for her discharge as set forth in the termination letter.[3] Accordingly, we hold that the trial court did not err by admitting this testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Parks, Chesin, Walbert & Miller, Harlan S. Miller III*, for appellant.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Assistant Attorney General, Gray, Hedrick & Edenfield, Susan L. Rutherford*, for appellee.

---

[3] We note that the additional evidence of misconduct challenged by Roach involved only matters that would come within the grounds for discharge set forth in OCGA § 47-2-2 (d).