A95A1034. DEPARTMENT OF PUBLIC SAFETY et al.
v. WILLIS.
(462 SE2d 386)

POPE, Presiding Judge.

Petitioner David Willis, the Post Commander of a State Patrol station, was terminated for sexual harassment. An administrative hearing officer concluded that Willis' behavior constituted a "neglect of duty" warranting dismissal under OCGA § 47-2-2 (d), and gratuitously noted in his report that because Willis was being discharged for neglect of duty, his retirement benefits would be lost under the last sentence of OCGA § 47-2-2 (d): "Any employee so discharged from employment shall not be entitled to and shall not receive a retirement benefit based on involuntary separation from employment without prejudice pursuant to Code Section 47-2-123." Willis appealed his discharge to the Superior Court under OCGA § 47-2-3. But

instead of focusing on the propriety of Willis' discharge, the trial court issued an opinion declaring the last sentence of OCGA § 47-2-2 (d) unconstitutional as applied and ordering that Willis was entitled to involuntary separation retirement benefits. Because we conclude that the trial court exceeded its authority in issuing this order, and that this is not the appropriate proceeding in which to address the question of Willis' entitlement to involuntary separation retirement benefits, we reverse the trial court's order.

Under OCGA § 47-2-3 (a) and (b), an employee "who is discharged from employment pursuant to [OCGA § 47-2-2] and who is aggrieved by such discharge from employment . . . [has] the right to judicial review *of the employee's discharge from employment* pursuant to the provisions of Code Section 47-2-2." (Emphasis supplied.) Here, the trial court focused its review not on the propriety of the discharge or even on whether Willis' conduct constituted "neglect of duty," but instead on the collateral issue of the effect of the discharge on Willis' benefits — an issue beyond the scope of review under OCGA § 47-2-3. While issues relating to the propriety of the discharge may be litigated in the context of a proceeding under OCGA § 47-2-3 — a proceeding between the employee and his employer — the employee's right to benefits must be litigated in a separate action brought against the Employees' Retirement System of Georgia ("ERS") directly. See, e.g., *Haggins v. Employees' Retirement System*, 255 Ga. 352 (2) (338 SE2d 1) (1986) (discharged employee brings petition for mandamus against ERS to determine his right to involuntary separation benefits). Cf. also *Bryant v. Employees Retirement System*, 216 Ga. App. 737 (455 SE2d 839) (1995) (trial court in divorce action does not have authority to order ERS, a non-party, to pay a portion of husband's benefits to wife directly).

Our conclusion that an employee's entitlement to involuntary separation retirement benefits should be determined in a separate action is based not only on the language of OCGA § 47-2-3 quoted above, but also on the nature of the pivotal question to be addressed: Was the employee's discharge truly "involuntary"? In *Haggins*, the Georgia Supreme Court held that "a state employee who knowingly and intentionally causes or brings about his own dismissal from state employment, or engages in conduct which he knew or should have known would lead to his dismissal from employment, is not involuntarily separated from service within the meaning of that term in the Act governing the Employees' Retirement System of Georgia." 255 Ga. at 354 (2). Whether or not the employee knew or should have known his conduct would result in dismissal is a question of fact which the employee has a right to have a jury decide (see id. at 354 (1) and (2)) — and this right cannot be exercised in the context of a judicial review under OCGA § 47-2-3. See OCGA § 47-2-3 (e) ("The

review shall be conducted by the court without a jury and shall be confined to the record.")

The trial court ruled that the portion of OCGA § 47-2-2 (d) providing that employees discharged for certain reasons (including neglect of duty) not receive involuntary separation retirement benefits could not be constitutionally applied to employees who, like Willis, were hired prior to 1984, the year OCGA § 47-2-2 (d) was enacted. Moreover, the trial court deemed the applicability of OCGA § 47-2-2 (d) dispositive of the entitlement to benefits issue: If the Code section did not apply, Willis was entitled to benefits. We do not review this constitutional ruling on the merits, since it went beyond the scope of the trial court's authority under OCGA § 47-2-3. We note, however, that the applicability of that portion of OCGA § 47-2-2 (d) is not necessarily dispositive; under the *Haggins* analysis, whether Willis will be entitled to involuntary separation retirement benefits will still depend on whether a jury finds his separation was truly involuntary.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED AUGUST 17, 1995 —
RECONSIDERATION DENIED SEPTEMBER 19, 1995 — 

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Susan L. Rutherford, Assistant Attorneys General,* for appellants.

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellee.