A09A2376. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA v. HARRIS.

(692 SE2d 798)

ADAMS, Judge.

The Employees' Retirement System of Georgia (ERS) appeals the trial court's order reversing ERS's denial of disability benefits to Dixie Harris.[1]

Harris was employed by the State Board of Pardons and Paroles for over 20 years, but went on leave from her job beginning June 2006. Although her job was largely sedentary, Harris suffered from physical ailments, which she claimed precluded her from performing that job. Accordingly, in October 2006, Harris applied for retirement benefits under OCGA § 47-2-123 (b) (1), which provides in relevant

---

[1] This case originated as a mandamus action in the superior court. When ERS filed its application for discretionary appeal, this Court transferred the matter to the Supreme Court of Georgia for consideration. But the Supreme Court transferred it back to this Court on the ground that Harris had withdrawn her request for mandamus relief. This Court granted ERS's application for discretionary review.

part:

> . . . [A]ny member in service who has at least 15 years of creditable service may be retired on a disability allowance by the board of trustees, upon written application to the board of trustees by the member or his or her employer and upon certification by the medical board that he or she is medically or physically incapable of further performance of his or her duties in the position he or she held at the time his or her disability originated, that incapacity is likely to be permanent, and that he or she should be retired. . . .

As a part of her application, Harris submitted reports from two personal physicians, Dr. Garland Gudger and Dr. John Dorchak, stating that she was not capable of performing her job.[2] Harris also submitted a functional capacity evaluation that suggested she was incapable of performing any occupation at the time due to restrictions and limitations associated with her medical conditions.

By a vote of 2-1, the ERS medical board denied Harris's application for disability retirement, and ERS adopted the medical board's findings. Harris sought reconsideration of this determination, submitting updated functional capacity evaluations and a co-worker affidavit in support, but the medical board again voted 2-1 to deny disability retirement.

Harris subsequently filed a petition for mandamus in superior court, demanding an award of disability benefits. ERS initially moved to dismiss on the ground that the denial of Harris's claim for disability benefits was not the proper subject for a writ of mandamus. Later, however, ERS and Harris signed a joint motion submitting the matter to the trial court for a "judicial review of a contained record." The motion asked the trial court (1) to "[a]mend Petitioner's Petition for Mandamus to a Petition for Review of a Contained Record"; (2) acknowledge the withdrawal of ERS's motion to dismiss; and (3) acknowledge the withdrawal of discovery requests. The trial court subsequently ordered that "the Petition submitted by Petitioner is amended from a Petition for Mandamus to a Petition for Review of a Contained Record." Later, ERS filed a motion for summary judgment and Harris filed a "Motion for Final Judgment on a Contained Record." The trial court did not specifically rule on either motion, but rather issued its order in response to the joint

---

[2] ERS notes, however, that Dr. Gudger's records contain notes indicating that Harris was capable of working as of June and July 2006 and that he had prescribed an exercise program for Harris in the preceding months. In January 2006, Dr. Gudger had opined that he did not think Harris would have a significant permanent problem from her injury.

request for judicial review of a contained record. In the order, prepared by Harris's counsel, the trial court concluded that (1) OCGA § 47-2-3 permitted judicial review of disability retirement applications; (2) ERS's decision was not entitled to any deference; and (3) even if deference was required, the denial of benefits must be reversed because it was made upon unlawful procedure and was both arbitrary and capricious. ERS appeals that ruling.

1. ERS first asserts that the trial court erred in finding that OCGA § 47-2-3 allows such judicial review of disability retirement applications. We agree.

The jurisdiction of the superior courts is defined in Art. VI, Sec. IV, Par. I of the Georgia Constitution of 1983, as follows:

> The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; in divorce cases; and in equity cases. *The superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law.*

(Emphasis supplied.) Thus, "[t]he appellate jurisdiction of the superior court must be exercised, *and can only be exercised,* in such cases as are provided by law." (Citations and punctuation omitted; emphasis supplied.) *Southern States Landfill v. City of Atlanta Bd. of Zoning Adjustment*, 261 Ga. 759, 760 (1) (410 SE2d 721) (1991).

Pretermitting whether Harris could properly seek relief in the form of mandamus, the parties jointly withdrew the request for such relief and instead asked for a "judicial review" of the ERS action. Thus, they appear to have submitted the ERS record to the trial court for appellate review of the denial of Harris's application for disability benefits, and, in any event, the trial court ruled on that basis. Unless a statute expressly authorized a superior court's appellate review of the ERS action in this case, however, the trial court had no jurisdiction to issue such a ruling.

In its briefing, ERS informed the court that "there is no provision in Georgia law for courts to review decisions made by ERS or its Medical Board regarding applications for disability retirement." Nevertheless, ERS urged the court to conduct such a review and to follow the standard of review set out under the Administrative Procedure Act ("APA") as the "most analogous" standard. Harris, in contrast, originally urged the court to sit as "trier of fact" and to evaluate the evidence under a preponderance of the evidence stan-

dard,[3] but later argued that OCGA § 47-2-3 (b) entitled Harris to a de novo judicial review of ERS's decision.

The trial court accepted Harris's argument that OCGA § 47-2-3 (b) authorized judicial review of the decision. That subsection provides that "[a]n employee shall have the right to judicial review of the employee's *discharge* from employment." (Emphasis supplied.) This statute appears to be inapplicable on its face because Harris was not discharged from her employment. Instead she initiated a request for disability retirement, which was denied. And although the trial court's order cited a string of cases to support the conclusion that it could review ERS's decision under OCGA § 47-2-3, none of the cases cited holds that an employee may appeal the denial of an application for disability benefits to the superior court under that statute.[4] In fact, one of the cases cited specifically holds the opposite. That case held that an appeal seeking judicial review under OCGA § 47-2-3 is not an "appropriate proceeding in which to address the question of [the employee's] entitlement" to retirement benefits under OCGA § 47-2-123. *Dept. of Public Safety v. Willis*, 218 Ga. App. 541, 542 (462 SE2d 386) (1995) (addressing involuntary separation retirement benefits under OCGA § 47-2-123). Rather, "issues relating to the propriety of the discharge may be litigated in the context of a proceeding under OCGA § 47-2-3 — a proceeding between the employee and his employer," but "the collateral issue of the effect of the discharge on [the employee's] benefits" is "an issue beyond the scope of review under OCGA § 47-2-3" and must be raised in a separate action filed against ERS. Id. Accordingly, OCGA § 47-2-3 provides no authority for judicial review of the denial of Harris's disability benefits, and the trial court erred in relying upon that statute to conduct a review of ERS's action in this case.

The parties cite no other authority to support the superior

---

[3] Harris cited as support for this standard the completely inapposite case of *Agri-Cycle v. Couch*, 284 Ga. 90 (663 SE2d 175) (2008), in which a state agency was seeking injunctive relief in superior court.

[4] *Roach v. Employees' Retirement System of Ga.*, 275 Ga. 447 (569 SE2d 540) (2002) (mandamus action to compel involuntary separation benefits); *Dept. of Public Safety v. Willis*, 218 Ga. App. 541 (462 SE2d 386) (1995) (appeal filed under OCGA § 47-2-3 of discharge under OCGA § 47-2-2); *Cantrell v. State of Ga.*, 129 Ga. App. 465 (200 SE2d 163) (1973) (petition for writ of certiorari to superior court from Personnel Board decision reversing *involuntary* retirement on grounds of physical disability), overruled in part by *Cantrell v. Bd. of Trustees &c.*, 135 Ga. App. 445 (218 SE2d 97) (1975) (holding that petition for writ of certiorari does not lie from an ERS decision). See also *Employees' Retirement System of Ga. v. Martin*, 272 Ga. 535 (533 SE2d 68) (2000) (action asserting claims for, inter alia, breach of contract, estoppel and violation of equal protection); *Evans v. Employees' Retirement System of Ga.*, 264 Ga. 729 (450 SE2d 195) (1994) (action filed for specific performance seeking to recover past-due service retirement benefits).

court's appellate jurisdiction in this case, and we find no applicable statutory authority providing for such jurisdiction.[5] Therefore, the trial court lacked jurisdiction for direct appellate review of the denial of Harris's application for disability benefits. And although both parties consented to this procedure, such an agreement cannot confer subject matter jurisdiction upon the superior court that it otherwise does not have. That may only be done by law.

2. Even though we have found that an ERS decision on disability retirement benefits is not subject to direct appellate review, we expressly do not hold that an employee is barred from raising a claim before the superior court under some other cause of action.

Harris originally sought mandamus relief in this action, but later withdrew that request. Although Harris later tried to reassert her claim for mandamus relief, the trial court never addressed that claim. And in transferring this case back to the Court of Appeals, the Supreme Court of Georgia specifically found that Harris withdrew her request for mandamus relief, thus removing the action from the Supreme Court's jurisdiction. "The Supreme Court's determination in the transfer order is final and binding." (Citation and punctuation omitted.) *Rutland v. State*, 296 Ga. App. 471, 473 (1) (675 SE2d 506) (2009). Thus Harris may not pursue a claim for a writ of mandamus in this proceeding, and we do not address the issue of whether mandamus is an appropriate vehicle for obtaining relief under these circumstances.

Harris also argues, however, that she had a vested contractual right to disability retirement benefits[6] and that she raised a claim for breach of contract in her original petition, relying upon the allegation in Paragraph 18 of her Petition that "Respondent's refusal to award Disability Retirement *breaches* OCGA § 47-2-123." (Emphasis supplied.) She asserts that the statute became part of her employment contract and that the use of the word "breaches" was sufficient to put ERS on notice that she was asserting a claim for breach of contract, although the petition never referenced such a claim. In any event, she notes that the parties briefed the contract issue for the trial court and thus she argues that the issue was joined.

---

[5] Neither party argues that the APA governs the ERS determination in this case, and we note that even if ERS qualified as an "agency" under the APA, the rules it promulgates are expressly excluded from APA coverage under OCGA § 50-13-2 (6) (H), which excludes "[r]ules which relate to the employment, compensation, tenure, terms, retirement, or regulation of the employees of the state or of an agency." See 1963-65 Op. Atty. Gen., p. 661 (so holding with regard to Superior Court Clerk's Retirement Fund).

[6] In support of her claim to a contractual right to disability benefits, Harris relies upon *Alverson v. Employees' Retirement System of Ga.*, 272 Ga. App. 389 (613 SE2d 119) (2005); *Parrish v. Employees' Retirement System of Ga.*, 260 Ga. 613 (398 SE2d 353) (1990); *Murray County School Dist. v. Adams*, 218 Ga. App. 220 (461 SE2d 228) (1995).

Harris first expressly articulated the issue of a contractual right to disability benefits in her response to ERS's motion for summary judgment. ERS, with the trial court's permission, filed a reply brief, in which it contested that Harris had properly raised a contractual claim, and even if the trial court were to consider such a claim, it had no merit. In any event, the trial court never ruled upon any breach of contract claim in the order prepared by Harris's counsel. Nor did the trial court specifically rule upon either of the motions filed by the parties, which ERS characterizes as cross-motions for summary judgment. Rather, the trial court simply reviewed the ERS action under Harris's interpretation of OCGA § 47-2-3.

Because we have found that such a review was not authorized by law, we remand the case to the trial court for further proceedings on the parties' cross-motions with regard to Harris's claim that she asserted a cause of action based upon a contractual right to disability benefits. In remanding the case, we make no determination as to whether such a claim was properly raised, framed or preserved for the trial court's consideration, nor do we address the merits of any such claim.

Accordingly, the trial court's order is vacated, and the case is remanded for further proceedings in accordance with this opinion.

*Judgment vacated and case remanded. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MARCH 26, 2010.

*Thurbert E. Baker, Attorney General, Annette M. Cowart, Senior Assistant Attorney General, Christopher A. McGraw, Assistant Attorney General,* for appellant.

*Kurt R. Ward,* for appellee.