306 Ga. 1
FINAL COPY

S18G0699.  ADAMS v. THE STATE.

Boggs, Justice.

After a jury trial, Gregory Claude Adams was found guilty of driving under the influence of alcohol to the extent that he was less safe to drive, failure to maintain lane, and following too closely. He appealed, asserting as error the admission of evidence regarding a stipulation in an administrative license suspension hearing pursuant to OCGA § 40-5-67.1 and evidence of a 2011 arrest for DUI. The Court of Appeals affirmed his convictions in *Adams v. State*, 344 Ga. App. 159 (809 SE2d 87) (2017), and we granted certiorari to consider this ruling. Although we do not agree with all that is stated in the Court of Appeals' opinion, we conclude that Adams has affirmatively waived the first claim and has failed to demonstrate error with respect to the second claim, and we therefore affirm the judgment of the Court of Appeals.

The underlying facts are not in dispute. In July 2016, after a

one-vehicle accident, Adams was arrested for DUI and other offenses and declined to take the state-administered blood test. The trooper who arrested Adams then initiated an administrative suspension of Adams' license pursuant to OCGA § 40-5-67.1. At an administrative hearing in the suspension proceeding, the trooper and Adams' counsel executed a written agreement, which the trooper testified was a "joint motion to withdraw the license suspension."[1] This agreement provided that the trooper would withdraw the sworn report made pursuant to OCGA § 40-5-67.1, in return for Adams' promise to enter a guilty plea to the underlying DUI charge. If Adams failed to enter a guilty plea to DUI, the agreement authorized the trooper to obtain an order reinstating the administrative license suspension without a hearing.

Adams did not plead guilty to the DUI charge and instead went to trial. At trial, the State presented evidence of the agreement

---

[1] At Adams' DUI trial, the agreement was tendered and admitted as State's Exhibit No. 4, but neither this exhibit nor any other exhibit appears in the record on appeal. The trooper who arrested Adams, however, read the text of the agreement into the record.

through the trooper who arrested Adams, and a copy of the agreement was admitted into evidence.[2] The State also presented evidence of Adams' 2011 arrest for DUI, in which he declined the state-administered blood test and ultimately pled guilty to reckless driving. Following Adams' conviction for DUI and other offenses, he appealed to the Court of Appeals.

The Court of Appeals reviewed the admission of the agreement only for plain error because Adams did not object at trial to its admission. See *Adams*, 344 Ga. App. at 162-163 (1). The Court of Appeals concluded that Adams could not demonstrate a clear or obvious error due to its earlier decision in *Flading v. State*, 327 Ga. App. 346 (759 SE2d 67) (2014), which held that a trial court did not abuse its discretion by admitting into evidence at a DUI trial a written stipulation in an administrative license suspension proceeding. See id. at 348-351 (1). The Court of Appeals also held that Adams, by failing to designate necessary portions of the record

---

[2] As noted above, the agreement itself does not appear in the record on appeal.

on appeal, "procedurally waived" his argument that the probative value of the evidence of the 2011 DUI incident was substantially outweighed by the risk of unfair prejudice under OCGA § 24-4-403. See *Adams*, 344 Ga. App. at 170 (4) (c).

1. We first consider whether the Court of Appeals erred in upholding the trial court's admission of the administrative license suspension agreement at Adams' criminal trial. Adams contends that *Flading* was wrongly decided, violated Georgia public policy without giving any reason for doing so, and in any event is factually distinguishable given the absence in Adams' agreement of any stipulation that the agreement would be admissible in any subsequent legal proceeding.

We agree with the Court of Appeals that Adams forfeited ordinary review of this claim of error by failing to object at trial to the admission of the agreement. See *Adams*, 344 Ga. App. at 162 (1). "In order to preserve an objection for [ordinary] appellate review, the specific ground of the objection must be made at the time the challenged evidence is offered." *Anthony v. State*, 302 Ga. 546, 549

(II) (807 SE2d 891) (2017). As we noted in *Anthony,* our new Evidence Code permits "plain error review of certain unpreserved evidentiary errors affecting substantial rights. See OCGA § 24-1-103 (d)." 302 Ga. at 549 (II) n.4. However, Adams not only failed to object in the trial court on the ground he asserts on appeal; he affirmatively waived any claim of error in the admission of the agreement.

The four-prong plain error test we adopted in *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011), requires: "First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant." (Citation and punctuation omitted.) Here, the following exchange took place immediately before opening statements at trial:

> STATE: [T]he State would like a declaratory ruling by the Court to make things run smoother at trial. The State plans to introduce a document entitled joint motion to withdraw a sworn report. This is filed on September 21st of 2016 and dated September 20th of 2016 in which the defendant Gregory Adams agreed to enter a plea of guilty to the underlying DUI on or before December 1st of 2016

in exchange for the GSP Trooper Michael Talton withdrawing the ALS proceeding. The State believes there will be some opposition to the admission of this and would like to go ahead and have that evidentiary issue [decided] now to streamline the presentation of evidence.

COURT: Mr. Sliger?

MR. SLIGER [Adams' counsel]: Judge, we don't object. *I think it is proper to come in.*

COURT: All right.

(Emphasis supplied.) Thus, Adams affirmatively waived any claim of error from the admission of the agreement, so there was no plain error.[3] See, e.g., *Adkins v. State*, 301 Ga. 153, 156 (2) (800 SE2d 341) (2017), and cases cited therein; *Lee v. State*, 347 Ga. App. 508, 512 (2) (b) (820 SE2d 147) (2018) (on plain error review, defendant's affirmative statement that he had no objection to charge on stipulation waived any claim that trial court improperly referenced stipulation). We express no opinion on the Court of Appeals' decision

---

[3] Adams made two later objections during trial that refer to the agreement, but not on the grounds asserted here. After the trooper testified that he and defense counsel "came to an agreement that Mr. Adams would plead guilty," Adams' counsel objected that the trooper's testimony had "implicated me in this now and made me a witness . . . . I am going to have to bring in another attorney so that I can take the stand." And during jury deliberations, after the jury asked to see the agreement, Adams' counsel objected to it going out to the jury, and repeated his earlier objection that he had been unable to testify to other terms of the agreement. But, as the trial court noted, the agreement was initially admitted without objection.

in *Flading* or its applicability to the facts presented here.

2. We next consider whether the Court of Appeals erred in holding that Adams "procedurally waived" his enumeration of error concerning OCGA § 24-4-403 ("Rule 403"). See *Adams*, 344 Ga. App. at 170 (4) (c). We do not agree with this characterization, but we agree that Adams is unable to demonstrate error on this ground because of the state of the record on appeal.

> The balancing test under Rule 403
>
> is committed principally to the discretion of the trial courts and exclusion of evidence under the test is an extraordinary remedy which should be used only sparingly. However, an accurate assessment of probative value is an essential part of a proper application of Rule 403.

(Citations and punctuation omitted.) *Jones v. State*, 301 Ga. 544, 546 (1) (802 SE2d 234) (2017).

Adams contends that the Court of Appeals erred in declining to review his enumeration of error, because no Georgia case holds that opening and closing arguments must be a part of the record in order to obtain appellate review of whether evidence was properly

weighed under Rule 403. He contends that the omission of argument is only relevant when the appellate court has been asked to review alleged error in the argument itself, and that the cases cited by the Court of Appeals emphasize the importance of evidence, not argument. But the omissions from the record in this two-day trial are far more extensive than merely Adams' opening and closing arguments.

Adams filed a notice of appeal that is unusual because, rather than designating "those portions of the record to be *omitted* from the record on appeal" (emphasis supplied) as provided by OCGA § 5-6-37, it designates the following specific portions of the record to be *included*:

> Transcript of evidence and proceedings to include Pretrial rulings (similar transactions/ALS); State's opening; Officer Ashe direct; discussion after cross; Defense argument made before starting Thursday, May 4, 2017; Direct & cross of Trooper Talton; Discussion following 45 minutes of jury deliberation; and, State's closing will be filed for inclusion in the record on appeal.[4]

---

[4] The notice of appeal also states that it appeals from an order "entered in the clerk's office on or about May 4, 2017, which Order granted in favor of the Plaintiff and against the Defendant, a summary judgment as a matter of law," even though this is a criminal case.

The record as designated by Adams omits not only his opening and closing statements, while including those of the State; it also omits Adams' cross-examination of the arresting officer in the 2011 DUI incident. Exhibits, even those discussed in the designated portions of the transcript, are not included.[5] Indeed, the record does not reveal whether Adams presented any evidence or what that evidence, if any, may have been.[6] The record also omits the trial court's charge to the jury.

> In cases such as this one in which the defendant has placed intent at issue by pleading not guilty and in which the existence of a criminal conspiracy is not at issue, the Rule 403 balancing test is not usually susceptible to a categorical approach, but the extrinsic act evidence must be considered by the trial court on a case-by-case basis. Specifically, the trial court, in exercising its discretion, is required to make a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, [and] overall similarity between the extrinsic act and the charged offense, as well

---

[5] In his notice of appeal, Adams did not ask for any exhibits to be included in the record on appeal.

[6] The only mention of Adams' decision to present evidence or to testify after the State rested its case is an inconclusive exchange during an earlier discussion of jury instructions, when the trial court asked Adams' counsel about a charge on election not to testify: "[O]bviously . . . if you determine to put up evidence we can change that."

as temporal remoteness.

(Citations and punctuation omitted.) *Jones*, 301 Ga. at 547 (1). Such circumstances include "the strength of the connection between the evidence and what it is offered to prove," as well as whether other evidence in the record tends to establish that connection. *Huff v. State*, 299 Ga. 801, 804-805 (3) (792 SE2d 368) (2016). In the absence of a substantial amount of the evidence presented at trial, an appellate court cannot consider "all the circumstances surrounding the extrinsic act evidence." *Jones*, 301 Ga. at 548 (2). Potentially helpful materials also include portions of the record and transcript that could have shed light on Adams' theory of the case and the significance of other evidence, including the absent opening and closing statements of Adams' counsel, cross-examination of the arresting officer in the 2011 DUI incident, and the jury charges.

We disagree with the opinion of the Court of Appeals to the extent that it suggests that, in order to prevail on a Rule 403 claim, an appellant must transmit the *entire* record on appeal. However, it remains true that an appellant cannot prevail without those

portions of the record that support his claim. "The appellant bears the burden of proving error by the appellate record, and where, as here, insufficient information was preserved in the record for appellate review, the trial court ruling must be upheld." *King v. State*, 300 Ga. 180, 182 (2) (794 SE2d 110) (2016). In light of the need to consider all the circumstances surrounding the extrinsic offense in a Rule 403 analysis, Adams has failed to meet his burden to demonstrate error by the partial record he designated on appeal.

Judgment affirmed. All the Justices concur.

Decided June 3, 2019.

Certiorari to the Court of Appeals of Georgia — 344 Ga. App. 159.

McDonald & Cody, Samuel J. Sliger; Chestney & Sullivan, Robert W. Chestney, for appellant.

Stephanie D. Woodward, Solicitor-General, Brian C. Heck, Assistant Solicitor-General, for appellee.