**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**PHIPPS, SENIOR APPELLATE JUDGE., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2019**

# In the Court of Appeals of Georgia

A19A0956. VAUGHN v. THE STATE.

HODGES, Judge.

Stephen Vaughn, III was convicted by a jury of seven counts of child molestation and two counts of aggravated child molestation against the daughters of his live-in girlfriend. The trial court denied Vaughn's motion for new trial, and Vaughn now appeals, contending that (1) the trial court erred in improperly admitting evidence of his molestation of another victim on the grounds that it was intrinsic evidence; and (2) OCGA § 24-4-414 is unconstitutional because it impermissibly shifted the burden to him to prove his innocence on the separate pending allegations of molestation against him. For the reasons that follow, we find no error and affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to

the guilty verdict." (Citation omitted.) *Walker v. State*, 349 Ga. App. 188 (825 SE2d 578) (2019).

So viewed, the evidence shows that Vaughn had a romantic relationship and moved in with a woman who had three underage daughters. Vaughn abused the oldest of the three victims (the "First Victim") in numerous ways. Vaughn threatened the First Victim with harm to her family if she told anyone, so she did not immediately report the abuse. She also believed she was protecting her younger siblings from Vaughn's abuse by going along with it.

Unbeknownst to the First Victim, Vaughn was also abusing her younger siblings (the "Second Victim" and the "Third Victim") . These victims also did not immediately report Vaughn's abuse. Eventually, the victims disclosed their abuse to each other. All three girls told their mother about the abuse, but the First Victim recanted because she was scared of getting in trouble. The other two victims did not recant, but their outcry was ignored. The victims tried to protect each other from Vaughn by sleeping in the same room or the same bed and locking doors, but Vaughn was not deterred.

The abuse of all three girls continued, but eventually the First Victim confided to a pastor who was a friend of the family. On the advice of that pastor, the First

Victim recorded a conversation between herself and Vaughn wherein their relationship was discussed as the First Victim informed Vaughn that she no longer wanted the relationship to be sexual.

Subsequently, Vaughn and the mother of the victims engaged in a marriage counseling conference call during which time the First Victim got on the phone. She begged her mother not to be mad at her and started vomiting. At that point, the Second Victim, who was standing next to the First Victim, grabbed the phone and disclosed the abuse again to her mother.

Vaughn was indicted in Gwinnett County for the crimes committed against the Second Victim and Third Victim.[1] Specifically, he was indicted for seven counts of child molestation and two counts of aggravated child molestation. The State filed a notice of intent to introduce evidence of the acts of molestation committed against the First Victim. The trial court permitted the introduction of such evidence on the grounds that it was intrinsic evidence and that it was admissible under OCGA § 24-4-414. Vaughn was tried by a jury and convicted on all counts. He moved for a new trial, which the trial court denied. Vaughn now appeals.

---

[1] Vaughn was separately tried and convicted for crimes committed against the First Victim in Fulton County. This Court previously upheld those convictions in an unpublished opinion. *Vaughn v. State*, Case No. A19A0512 (aff'd June 21, 2019).

1. Vaughn alleges that the trial court erred in admitting evidence of the acts of molestation committed against the First Victim as intrinsic evidence in the case charging him with molestation offenses against the Second Victim and Third Victim. We find no plain error.

Prior to the trial of this case, the State sought a ruling from the trial court that the First Victim could testify on the grounds that her testimony was admissible both as intrinsic evidence and under OCGA § 24-4-414.[2] In response, Vaughn argued that the evidence was more prejudicial than it was probative because the case for the crimes committed against the First Victim was stronger than the cases for the crimes committed against the other victims. Vaughn did not respond at trial to the State's contention that the testimony of the First Victim was admissible as intrinsic evidence or under OCGA § 24-4-414. The trial court found it admissible on both grounds.

Under Georgia law, "the general rule [is] that objections to the admission of evidence must be raised in a timely fashion at trial for the objection to be preserved for ordinary appellate review." *State v. Herrera-Bustamante*, 304 Ga. 259, 263 (2) (a)

---

[2] OCGA § 24-4-414 (a) provides that "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant."

4

(818 SE2d 552) (2018). Indeed, a defendant must not only object to the introduction of the evidence in the trial court to preserve ordinary appellate review, but he must also specify the particular basis for his objection. See, e. g., *Adams v. State*, 306 Ga. 1, 2-3 (1) (829 SE2d 126) (2019) (finding that the defendant "forfeited ordinary review of this claim of error by failing to object at trial to the admission of the agreement[]"); *Carter v. State*, 302 Ga. 200, 205-206 (3) (805 SE2d 839) (2017). Here, although Vaughn objected to the introduction of evidence concerning the First Victim as being overly prejudicial, he did not object to the State's assertion that the evidence was admissible as intrinsic evidence. Accordingly, Vaughn is not entitled to ordinary appellate review of this issue.

That being said, "[t]he unavailability of ordinary review does not end our analysis of [Vaughn's] evidentiary claim," *Herrera-Bustamante*, 304 Ga. at 263 (2) (b), because "our new Evidence Code permits plain error review of certain unpreserved evidentiary errors affecting substantial rights." (Citation and punctuation omitted.) *Adams*, 306 Ga. at 3 (1); see also OCGA § 24-1-103 (d).[3]

---

[3] OCGA § 24-1-103 (d) states, "[n]othing in this Code section shall preclude a court from taking notice of plain errors affecting substantial rights although such errors were not brought to the attention of the court."

To show plain error, [Vaughn] must point to an error that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected his substantial rights, and the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings. We need not analyze all of the elements of this test when, as in this case, the defendant has failed to establish one of them.

(Citations and punctuation omitted.) *Herrera-Bustamante*, 304 Ga. at 264 (2) (b). Here, Vaughn has not shown that the trial court's admission of evidence of molestation acts committed against the First Victim as intrinsic evidence was clear error.

It is well-settled that "[e]vidence is admissible as intrinsic evidence when it is (1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." (Citation omitted.) *Smith v. State*, 302 Ga. 717, 725 (4) (808 SE2d 661) (2017). More specifically,

[e]vidence pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if it is linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the

6

story of the crime for the jury. Evidence of other acts is "inextricably intertwined" with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted. And this sort of intrinsic evidence remains admissible even if it incidentally places the defendant's character at issue.

(Citation and punctuation omitted.) Id.

We find the evidence of the acts of molestation committed against the First Victim to be intrinsic evidence. The First Victim lived with, and is the sister of, the victims of the indicted crimes, who were all being abused at the same time. All three victims disclosed Vaughn's abuse to each other and tried to protect each other from him. The victims also jointly disclosed Vaughn's abuse to their mother on more than one occasion. As a result, evidence of the abuse of the First Victim is inextricably intertwined with the evidence of the indicted crimes against the Second Victim and Third Victim. Accordingly, it was not plain error for the trial court to admit the evidence.

2. Vaughn also alleges that OCGA § 24-4-414 is unconstitutional because it shifts the burden to him to prove his innocence in separate pending allegations. This enumeration provides nothing for us to review.

7

Vaughn initially filed this appeal in the Supreme Court of Georgia. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, our Supreme Court transferred Vaughn's appeal to this Court, finding:

> Because appellant's constitutional challenge to the statute was not raised until his (second amended) motion for new trial, the claim was not preserved for ordinary appellate review. See [*Herrera-Bustamante*, 304 Ga. at 262 (2) (a)]. Appellant does not contend that his constitutional claim is subject to plain error review as a challenge to an evidentiary ruling, see OCGA § 24-1-103 (d), and in any event, he does not articulate even a colorable claim of plain error. The two pages of his brief addressing his constitutional claim cite only the general federal and state constitutional due process provisions he says should be considered and a case involving burden-shifting in the jury instruction context; he does not identify any authority that even arguably applies clearly and directly to the trial court's admission of evidence under OCGA § 24-4-414. See *Simmons v. State*, 299 Ga. 370, 374 (788 SE2d 494) (2016) ("'An error cannot be plain where there is no controlling authority on point . . . "' (citation omitted)). Accordingly, appellant's untimely challenge to the constitutionality of OCGA § 24-4-414 is insufficient to invoke this Court's constitutional question jurisdiction, and as no other basis for the exercise of this Court's jurisdiction is apparent from the record, we hereby transfer this appeal to the Court of Appeals.

As a result, this enumeration is without merit because "[t]he Supreme Court's determination in [its] transfer order is final and binding." (Citation omitted.)

*Employees' Retirement Sys. of Ga. v. Harris*, 303 Ga. App. 191, 195 (2) (692 SE2d 798) (2010). Accordingly, this enumeration provides nothing for us to review.

*Judgment affirmed. McFadden, C. J., and Phipps, Senior Appellate Judge, concur*.