307 Ga. 545
FINAL COPY

S19A1396. DENSON v. THE STATE.

PETERSON, Justice.

Calvin Denson appeals his convictions for malice murder and armed robbery in connection with the shooting death of Julian Hernandez.[1] Denson argues that the evidence was insufficient to support his convictions; that the introduction of an audio recording violated his rights under the Confrontation Clause because the recording contained statements of a witness who did not testify at

[1] The crimes occurred on September 9, 2011. In March 2012, a Muscogee County grand jury indicted Denson and co-defendant Dominique Lowe for malice murder, three counts of felony murder (predicated on armed robbery, criminal attempt to commit a felony, and aggravated assault), and armed robbery. Denson and Lowe were tried together before a jury in April 2013. Two felony murder counts were nolle prossed, and the jury found Denson guilty of malice murder, felony murder predicated on armed robbery, and armed robbery. The jury found Lowe not guilty of malice murder but guilty on the remaining charges. The trial court sentenced Denson to life imprisonment for malice murder and a 20-year consecutive term for armed robbery; the felony murder conviction was vacated by operation of law. On May 7, 2013, Denson filed a timely motion for new trial through new counsel, and he amended the motion in May 2016. Following a hearing, the trial court denied Denson's amended motion for new trial on February 20, 2019. Denson timely appealed, and his case was docketed to this Court's August 2019 term and submitted for a decision on the briefs.

trial and was not previously cross-examined; and that trial counsel was ineffective in failing to object to certain statements made by the prosecutor during closing arguments. We affirm because the evidence was legally sufficient to support Denson's convictions, the audio recording did not contain testimonial statements and thus the Confrontation Clause did not apply, and Denson failed to show a reasonable probability that the outcome of his trial would have been different had trial counsel objected to the challenged statements.

Viewed in the light most favorable to the jury's verdicts, the evidence shows that in September 2011, Julian Hernandez and Luis Hernandez both worked on a construction project at Fort Benning and shared a motel room in Columbus. On September 9, Julian invited Stella Lindsey and Christina Clark to his motel room. Julian, Luis, Lindsey, and Clark drank and talked for some time before Luis said that he wanted some cocaine. Clark said she could get some, and she called Dominique Lowe.

Lowe arrived at the hotel sometime later and brought crack cocaine, but Julian and Luis said they wanted powder cocaine

2

instead. Julian pulled out all of his money and gave Lowe $60 to bring back powder cocaine. Julian and Luis had just cashed their paychecks and had more than $3,000 in cash between them.

Lowe left the hotel room and called Denson. While Lowe was gone, Clark took a call from Marcus Price, who was in jail at the time, and expressed concern that Lowe would not return. Lowe returned to the motel with a small bag of powder cocaine. Luis and the others did not believe that Lowe provided $60 worth of cocaine, but Lowe assured them that it was "good stuff." Clark was still on the phone with Price at the time and passed the phone to Lowe. After getting off the phone, Lowe left the motel room.

Less than a minute later, Denson walked into the motel room, carrying a pistol and covering his face with a rag. Denson told everyone to get on the floor and demanded their money. Julian rushed Denson and a struggle ensued, causing Denson to drop the rag covering his face and giving Lindsey a clear look at him. Denson's gun went off during the struggle, at which time Luis and Clark, who was still on the phone with Price, ran into the bathroom.

3

The struggle continued and Denson fired several gunshots at Julian, hitting him in his chest, left arm, right thigh, and left leg. Julian died as a result of the gunshot wound to his chest.

Denson left the motel room, but returned about 30 seconds later to search the room; while there, he wiped down the room. Lindsey called 911 and found Julian's wallet outside the motel room.

1. Denson argues that the evidence was insufficient to prove that he committed the crimes for which he was convicted. We disagree.

When we consider the sufficiency of the evidence, we view the evidence in the light most favorable to the verdicts and evaluate whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). "Under this review, we must put aside any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence, leaving the resolution of such things to the discretion of the trier of fact." *Mims v. State*, 304 Ga. 851, 853 (1) (a)

(823 SE2d 325) (2019) (citation and punctuation omitted).

Clark and Lindsey both identified Denson as the shooter in photographic lineups and at trial. Denson argues that both women's identification testimony was not credible based on impeachment evidence he introduced at trial. He also argues that their identification testimony, by itself, was insufficient because it was not corroborated by any physical evidence. The State was not required to produce any physical evidence, however, because "the testimony of a single witness is generally sufficient to establish a fact, and the lack of corroboration with physical evidence only goes to the weight of the evidence and the credibility of the testifying witness, which is solely within the purview of the jury." *Johnson v. State*, 296 Ga. 504, 505 (1) (769 SE2d 87) (2015) (citation and punctuation omitted); see also OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact."). Considering all the evidence in the light most favorable to the verdicts, we conclude that the jury was authorized to find beyond a reasonable doubt that Denson was guilty of the crimes of which he

was convicted.

2. Denson argues that, because Price was not available to testify at trial, the trial court violated his Confrontation Clause right by introducing into evidence an audio recording of the phone call between Clark and Price that occurred during the commission of the crime.[2] Denson did not object to the admission of the audio recording at trial,[3] and so we review his claim only for plain error. See OCGA § 24-1-103 (d); see also *Adams v. State*, 306 Ga. 1, 3 (1) (829 SE2d 126) (2019) (plain error review under OCGA § 24-1-103 (d) is available for unpreserved challenges to evidentiary rulings).

To establish plain error, Denson

> must point to an error that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected his substantial rights, and the error must have seriously affected the fairness, integrity[,] or public reputation of judicial proceedings.

---

[2] The phone call had been recorded because Price was an inmate at the time.

[3] Co-defendant Lowe raised a Confrontation Clause objection, but Denson did not join Lowe's objection.

6

*State v. Herrera-Bustamante*, 304 Ga. 259, 264 (2) (b) (818 SE2d 552) (2018) (citation and punctuation omitted). The failure to meet one element of this test dooms a plain error claim, see id., and so it is here.

A Confrontation Clause violation occurs when an out-of-court "testimonial" statement is admitted into evidence and the declarant is unavailable at trial and was not previously subjected to cross-examination. See *Crawford v. Washington*, 541 U. S. 36, 68 (124 SCt 1354, 158 LE2d 177) (2004). "A statement is testimonial if its primary purpose was to establish evidence that could be used in a future prosecution." *Favors v. State*, 296 Ga. 842, 845 (2) (770 SE2d 855) (2015) (citation and punctuation omitted).

Here, the recorded phone call contains statements from Price to Clark, but also statements from Price to unknown inmates and Price's friends and family whom Clark contacted using a three-way call feature. Denson does not identify which of Price's statements were objectionable, but even considering all of them, none were testimonial. Price's statements were made shortly before and during

the crimes — before Lowe and Denson were arrested for their involvement. Price's statements to Clark, family and friends, and unknown inmates at the jail were not made to assist a future prosecution and, thus, are not testimonial. See *Allen v. State*, 300 Ga. 500, 504 (3) (796 SE2d 708) (2017) (co-defendant's statements made to a third party shortly after crimes and before any arrests were not testimonial). As a result, there was no error, much less plain error, in admitting the recording.

3. Denson argues that trial counsel was ineffective for failing to object to two statements made by the prosecutor during closing arguments. Denson argues that the prosecutor's statement that Denson was part of a group that sold drugs was not supported by any trial evidence, and that the prosecutor improperly commented on Price's character by referring to him as a drug dealer. Denson did not preserve this ineffective assistance claim because he did not raise it in his motion for new trial, as amended, or at the hearing on that motion, nor did he obtain a ruling on such claim from the trial court. See *Prince v. State*, 295 Ga. 788, 793 (2) (b) (764 SE2d 362)

(2014). But even if the claim had been preserved, it would fail.

For Denson to prevail on any of his claims, he must satisfy the familiar standard of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984), which requires a showing both that trial counsel's performance was constitutionally deficient and that Denson was prejudiced by this deficient performance. See *Mims*, 304 Ga. at 854-855 (2). Even if a defendant shows that his trial counsel was constitutionally deficient, he must also prove that he was prejudiced as a result, which requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Davis v. State*, 299 Ga. 180, 183 (2) (787 SE2d 221) (2016) (citation and punctuation omitted).

Even if the prosecutor's comments were inappropriate, Denson cannot show that trial counsel's failure to object prejudiced him, and his ineffectiveness claim fails on this basis. See *Leanos v. State*, 303 Ga. 666, 669 (2) (814 SE2d 332) (2018) ("[A] failure to meet either of the [*Strickland*] prongs is fatal to an ineffectiveness claim."). It is

difficult to believe that any reference regarding the character of Price, who was not connected to the charged crimes and who the jury already knew was in prison, would have affected the outcome of Denson's trial. And the jury had already heard evidence connecting Denson to Lowe, who sold drugs to the victims. In addition, the prosecutor's statements were not evidence, and the trial court properly instructed the jury as much. See *Kidd v. State*, 304 Ga. 543, 545 (2) (820 SE2d 46) (2018) (holding that prosecutor's comment during opening statements, even if considered improper, was not harmful in part due to jury instruction that counsel's arguments are not evidence). Moreover, the evidence against Denson was strong ☐ two eyewitnesses identified Denson as the shooter. Given this record, Denson cannot establish a reasonable probability that the outcome of his trial would have been different had counsel objected.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 23, 2019.
Murder. Muscogee Superior Court. Before Judge Mullins.
*Hagler, Jackson & Walters, Richard C. Hagler*, for appellant.

10

*Julia F. Slater, District Attorney, George E. Lipscomb II, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General*, for appellee.